CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

FILED
CLERK, U.S. DISTRICT COURT
MAR 1 9 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CV14 02068 JFW (AJWx)

| | |
|---|---|
| **Alicia Galowitsch,**<br><br>Plaintiff,<br><br>v.<br><br>**Macy's West Stores, Inc.,** an Ohio Corporation; and Does 1-10,<br><br>Defendants | Case No.<br><br>**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act; Negligence |

Plaintiff Alicia Galowitsch complains of Defendants Macy's West Stores, Inc., an Ohio Corporation; and Does 1-10, ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. She suffers from multiple sclerosis. She uses a wheelchair for mobility.

2. Defendant Macy's West Stores, Inc. owns and operates the Macy's store ("Store") located at or about 1123 Rancho Vista Blvd., Palmdale, California, now and did so in November 2013.

RECEIVED
CLERK, U.S. DISTRICT COURT
MAR 1 8 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                  DEPUTY

1

Complaint

COPY

3.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

4.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5.   Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

6.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

7.   The Plaintiff went to Store in November 2013 to return an item.

8.   The Store is a facility open to the public, a place of public accommodation, and a business establishment.

2

Complaint

9.  Paths of travel inside the Store are one of the facilities, privileges and advantages offered by defendants to their customers at the Store.

10. Although there are shelves and merchandise aisles open to customers for shopping, the path of travels in and throughout these merchandise aisles are not accessible to wheelchair users because of the configuration of the Store and also because the defendants have a practice of placing merchandise and merchandise displays on the route of travel, restricting passage to far less than 36 inches in width in several places.

11. The paths of travel in the housewares section, for example, narrow to as little as 18 inches in width. In the women's department, the paths of travel narrow to 30 inches in width. In the men's department, the paths of travel narrow to 12 to 18 inches in some places. Moveable obstructions, such as clothes racks and merchandise bins, make some paths of travel completely inaccessible.

12. The defendants have absolutely no policy or procedure in place to prevent merchandise and racks from reducing the paths of travel to levels that are narrower than that allowed by law.

13. Additionally, defendants have handicap push/kick pads at their entrances and exits. Unfortunately, some of them either do not work or require multiple depressions before they will work. Moreover, the push/kick pads in the inside (heading out toward the outside) of the Store are not accessible to plaintiff because defendants have moveable advertisement signs in front of their location. These large, moveable objects are an obstruction to the plaintiff.

14. Defendants have no policy or procedure in place to make sure that the pads are accessible to wheelchair users who need to use these pads to exit the Store.

15. The  plaintiff  personally  encountered  these  problems.  These

3

Complaint

inaccessible conditions denied the plaintiff full and equal access and caused her difficulty.

16. Additionally, on information and believe, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

## I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of plaintiff and against all defendants (42  U.S.C. section 12101, et seq.)

17. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

18. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is

Complaint

readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c.  A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

19. Shelves and display units allowing self-service by customers at stores must be located on an accessible route. 1991 Standards § 4.1.3(12)(b). An accessible route must be at least 36 inches in width. 1991 Standards § 4.3.3.

20. Here, the failure to provide accessible paths of travel in and throughout the merchandise aisles is a violation of the law. Moreover, the paths of travel leading to the push/kick pads are not accessible because of advertising signage. The push/kick pads are necessary for people to enter and exit the Store. Without a clear path of travel leading to these pads, plaintiff has no way to independently use the push/kick pads. This is a violation of the law.

21. The Defendants are persons who own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to ensure that persons with disabilities are not discriminated against and, additionally, have specific duties to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"); and/or (2) remove all existing barriers where such removal is "readily achievable," and/or (3) to provide alternatives to barrier removal. The Defendants have failed to meet these

Complaint

1  obligations.

2

3  **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

4  **RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ §

5  51-53)

6  22. Plaintiff repleads and incorporates by reference, as if fully set forth

7  again herein, the allegations contained in all prior paragraphs of this

8  complaint.

9  23. Because the defendants violated the plaintiffs' rights under the ADA,

10  they also violated the Unruh Civil Rights Act and are liable for damages. (Civ.

11  Code § 51(f), 52(a).)

12  24. Because the violation of the Unruh Civil Rights Act resulted in

13  difficulty, discomfort or embarrassment for the plaintiffs, the defendants are

14  also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code §

15  55.56(a)-(c).)

16

17  **III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA**

18  **DISABLED PERSONS ACT** (On behalf of plaintiffs and against all

19  defendants) (Cal Civ.§ 54-54.8)

20  25. Plaintiff repleads and incorporates by reference, as if fully set forth

21  again herein, the allegations contained in all prior paragraphs of this

22  complaint.

23  26. Because the defendants violated the plaintiffs' rights under the ADA,

24  they also violated the Disabled Persons Act and are liable for damages. (Civ.

25  Code § 54.1(d), 54.3(a).)

26  27. Because the violation of the Disabled Persons Act resulted in difficulty,

27  discomfort or embarrassment for the plaintiffs, the defendants are also each

28  responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

6

(c).)

**IV. FOURTH CAUSE OF ACTION: NEGLIGENCE** (On behalf of plaintiff and against all defendants)

28. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

29. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiff. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

Complaint

1       3. Reasonable attorney fees, litigation expenses and costs of suit,

2   pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3.

3

4   Dated: March 6, 2014               CENTER FOR DISABILITY ACCESS

5

6                                     By:_____

7                                     Mark Potter, Esq.

8                                     Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint